## Moore *vs.* Rosser.

Ejectment, from Rockdale. New Trial, Waiver. Practice in Superior Court. Practice in Supreme Court. (Before Judge Stewart.)

Hall, J.—1. This court will not interfere with the first grant of a new trial, unless the presiding judge abused his discretion therein.

2. Where a verdict was rendered for the defendant, and a motion for a new trial was made, his consent to the order taken in term to allow the motion for new trial to be presented in vacation, together with the brief of the oral and copy of the documentary evidence for the approval of the court, will be presumed from the fact that he was present and assisted in making up the motion and agreed to the brief, as well as from his assent, after this has been done, to the postponement of the hearing to a future day, and from the fact that at no stage of the proceedings did he move to dismiss the motion because it was not made and filed at the term of the Court when the trial was had. His failure to object amounts to a waiver. At all events, no such question was made in the superior court, and there is no decision of the point which this court is authorized to review, the only error assigned in the bill of exceptions being that the court erred in granting a new trial because such judgment " is contrary to law, equity and the evidence."

Judgment affirmed.

A. C. McCalla, by brief, for plaintiff in error.

J. N. Glenn, for defendant.

---

## Blance & Noyes *vs.* Liddell & Chisholm.

Claim, from Polk. Practice in Supreme Court.

Hall, J.—The jury having found the premises claimed subject to the plaintiff's execution, and the court upon motion for a new trial having granted it, unless the plaintiffs would dismiss their levy as to one undivided fourth of the lot of land in dispute, which they have done, and both parties to the contest having agreed in writing, by their respective counsel, that the remaining three-fourths undivided interest in the land is subject to plaintiffs' *fi fa.*, and that said *fi. fa.* shall be paid out of the same undivided three fourths interest in said land, in order to carry this agreement into effect, we order and adjudge that the finding of the jury, as modified by the judge's order, made on hearing the motion for a new trial, stand as it now appears of record in the superior court and that the judgment be in all respects affirmed.

Blance & Noyes; E. N. Broyles, for plaintiff in error.

Janes & Richardson, for defendants.